UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BARRY L. MOORE,                        )
                                       )
            Plaintiff,                 )
                                       )
      v.                               ) Civil Case No. 10-1470 (RJL)
                                       )
OFFICE OF THE ARCHITECT OF             )
THE CAPITOL,                           )
                                       )
            Defendant.                 )
                                       )

MEMORANDUM OPINION
(December /2 , 2011) [#11]

FILED
DEC 14 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Plaintiff Barry L. Moore ("plaintiff" or "Moore") brought an action against defendant Office of the Architect of the Capitol ("defendant") alleging eight separate counts of violations of the Congressional Accountability Act ("CAA"). In the first four counts, plaintiff alleges unlawful discrimination based on plaintiff's race and age. In the second four counts, plaintiff alleges unlawful retaliation based on his opposition to discriminatory employment practices by defendant. Defendant has moved to dismiss only those counts alleging unlawful retaliation (Counts V-VIII). After due consideration of the law and pleadings, defendant's Motion to Dismiss Counts V through VIII is GRANTED.

RELEVANT BACKGROUND

Plaintiff, a white male over the age of forty, began working as the Day Shift Supervisor of the Electric Shop of the House Office Buildings on April 13, 2009.

1

Complaint ("Compl.") ¶ 8. In this new role, plaintiff was subject to a one-year period of probation. *Id.* ¶ 10.

As of May 2009, plaintiff's supervisors were as follows: John Adeyemi, General Foreman of the Electric Shop—first line supervisor; Dan Murphy, Assistant Superintendent of the House Office Buildings—second line supervisor; Tom Carroll, Deputy Superintendent of the House Office Buildings—third line supervisor; and William Weidemeyer, Superintendent of the House Office Buildings—fourth line supervisor. *Id.* ¶¶ 13, 15.

On November 4, 2009, plaintiff was rated as "Fully Successful" on his mid-year performance evaluation. Compl. ¶ 16. On January 29, 2010, plaintiff was again rated as "Fully Successful" on his end-of-the-year performance evaluation. *Id.* ¶ 17.

On an unspecified date, plaintiff rated three employees who reported to him as "Outstanding" on their respective end-of-the-year performance evaluations. *Id.* ¶¶ 50-51; 67-68. Two of the employees—John Rye and Steve Wigglesworth—are white males over the age of forty, and the other employee—Denis Herrera—is a Guatemalan male over the age of forty. *Id.* ¶¶ 50, 67. Plaintiff timely submitted the evaluations to Assistant Superintendent Murphy, who rejected the "Outstanding" ratings given to the three employees. *Id.* ¶¶ 52-54, 69-70. Assistant Superintendent Murphy, in turn, forwarded the evaluations to his supervisor, General Foreman Adeyemi, who also rejected the plaintiff's "Outstanding" ratings. *Id.* ¶¶ 57-58, 72-73.

Plaintiff resubmitted the performance evaluations to Assistant Superintendent Murphy, who again rejected the "Outstanding" ratings. *Id.* ¶¶ 59-60, 74-75. Assistant

2

Superintendent Murphy forwarded the evaluations to General Foreman Adeyemi, who also again rejected the "Outstanding" ratings. *Id.* ¶¶ 61-62, 76-77. General Foreman Adeyemi advised plaintiff to either elaborate on the information in support of the "Outstanding" ratings or to change the rating to "Fully Successful." *Id.* ¶¶ 65, 78. Plaintiff changed the ratings to "Fully Successful." *Id.* ¶¶ 66, 79.

On March 12, 2010, Stephen Ayers, the Acting Architect of the Capitol, placed plaintiff on paid administrative leave until the end of plaintiff's tour of duty (March 26, 2010), at which time plaintiff would be terminated. *Id.* ¶ 18. Plaintiff's termination was based on his supervisors' "dissatisfaction" with plaintiff's performance. *Id.* ¶ 19.

In Counts V through VIII of the complaint, plaintiff alleges that he was unlawfully terminated in retaliation for his opposition to defendant's discriminatory employment practices (based on race, age, and national origin)—specifically, for opposing defendant's refusal to accept "Outstanding" ratings on performance evaluations for two white men over the age of forty and a Guatemalan man over the age of forty. *Id.* ¶¶ 100-123.

On August 30, 2010, plaintiff filed this lawsuit against his employer, AOC, for discriminatory and retaliatory employment practices in violation of the CAA. *See* Docket Entry 1. On March 25, 2011, defendant moved to dismiss those counts alleging retaliation (Counts V-VIII). *See* Docket Entry 11.

## STANDARD OF REVIEW

A court may dismiss a complaint, or any portion of it, for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A court considering a motion to dismiss, however, may only consider "the facts alleged in the complaint, any

3

documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." *E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). To survive a motion to dismiss, a complaint must "plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ---U.S.---, 129 S. Ct. 1937, 1949 (2009). In evaluating a Rule 12(b)(6) motion, the court construes the complaint "in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) (internal quotation marks omitted). However, factual allegations, even though assumed to be true, must still "be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, the court "need not accept inferences drawn by plaintiff[] if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

## LEGAL ANALYSIS

To establish a prima facie case of retaliation, plaintiff is required to allege that defendant retaliated against him for opposing a discriminatory employment practice by defendant against those he was supervising. *See Crawford v. Metro. Gov't of Nashville and Davidson County, Tennessee*, 555 U.S. 271, 274 (2009).[1] To oppose a discriminatory employment practice, conduct that is statutorily protected, plaintiff is

---

[1] Claims arising under the CAA's anti-retaliation provision are analyzed under the framework and standards governing Title VII's anti-retaliation provision. *Herbert v. Architect of the Capitol*, 766 F. Supp. 2d 59, 74 n.13 (D.D.C. 2011).

4

required *to communicate* to his employer that he believes the employer's conduct is, in fact, discriminatory. *Id.* 274-75 (holding that plaintiff must make known to his employer his belief that the employer's conduct is discriminatory to "oppose" a discriminatory employment practice); *see Beeck v. Fed. Express Corp.*, 81 F. Supp. 2d 48, 55 (D.D.C. 2000). Plaintiff, however, has failed to allege that he ever communicated to his supervisors that he was opposing what he believed to be discriminatory conduct by them. Specifically, plaintiff never told his supervisors that he believed their rejection of his "Outstanding" ratings was the result of discrimination based on race, age, or nationality. Indeed, plaintiff concedes that he was silent as to his opposition to defendant's allegedly discriminatory practices. *See* Pl.'s Opposition ("Opp'n"), July 22, 2011, at 13-14. Therefore, because plaintiff has failed to allege facts sufficient to state a prima facie case of retaliation, defendant's Motion to Dismiss Counts V through VIII must be GRANTED.[2]

## CONCLUSION

Thus, for all of the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 11, as to Counts V-VIII is GRANTED. An appropriate Order will accompany this memorandum opinion.

*[signature]*

RICHARD J. LEON
United States District Judge

---

[2] To the extent that defendant is also moving to dismiss paragraphs 31 through 49 of the complaint, *see* Def.'s Mot. to Dismiss at 6-7, defendant's Motion to Dismiss as to those paragraphs is denied.

5